UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LUIS ANDINO,

       Petitioner,

  v.

UNITED STATES OF AMERICA,

       Respondent.

21-CV-192
17-CR-183
ORDER

_____

## ORDER

The *pro se* petitioner, Luis Andino, has moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. No. 21-CV-192[1]; No. 17-CR-183, Docket Item 753. On March 22, 2021, the government responded, Docket Item 775, and on April 15, 2021, Andino replied, Docket Item 780.

Andino argues that his counsel, Michael J. Stachowski, Esq., was ineffective in "failing to file [a] direct appeal[,] despite [Andino's] request to do so." Docket Item 753 at 1-2. Andino says that after his sentencing on January 24, 2020, "Mr. Stachowski arbitrarily cut off all communication with [Andino] and [his] family despite [their] many attempts to contact him and leave messages." *Id.* He also says that "[o]n January 22, 2020[, his] sister, Yaritza Andino, personally visited the court clerk . . . and complained about Mr. Stachowski's unprofessional behavior, [] to no avail." *Id.*

---

[1] Andino petitioned under this civil docket number to vacate his sentence. All citations in this order are to the underlying criminal docket number.

"[A]n attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal." *Campell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012); *see also Campusano v. United States*, 442 F.3d 770, 776-77 (2d Cir. 2006). And that is so even when the defendant—like Andino here—waived his right to appeal his conviction and a sentence within the contemplated sentencing guidelines range. *See id.* Therefore, if what Andino says is true, he may be entitled to a delayed appeal.

For that reason, Andino's assertions put squarely at issue relevant attorney-client communications between him and Mr. Stachowski, and Andino has waived the attorney-client privilege with respect to those communications. *See, e.g.*, *Sparman v. Edwards*, 154 F.3d 51, 52 (2d Cir. 1998). Therefore, to permit the Court to rule on Andino's motion, including to determine whether an evidentiary hearing is necessary, Mr. Stachowski is hereby directed to respond to Andino's assertions. *See Chang v. United States*, 250 F.3d 79, 85-86 (2d Cir. 2001).

Mr. Stachowski shall specifically address:

(1) whether—and, if so, when—Andino instructed Mr. Stachowski to appeal;

(2) whether—and, if so, when—any of Andino's family members, including Andino's sister, Yaritza Andino, contacted or attempted to contact Mr. Stachowski regarding an appeal; and

(3) whether—and, if so, when—Andino or any of Andino's family members contacted or attempted to contact Mr. Stachowski for any reason after the sentencing on January 24, 2020.

2

If any of these communications were in writing, Mr. Stachowski shall provide copies of those communications to the Court. If Mr. Stachowski has any notes or other documents relevant to these issues, he shall provide those as well.

Andino's waiver of the attorney-client privilege as to these communications does not otherwise waive Mr. Stachowski's obligations to keep Andino's confidences. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 145 (2d Cir. 2016). Therefore, to protect confidentiality and in an abundance of caution, Mr. Stachowski's submissions shall be delivered to chambers for review *in camera*, and the submissions shall not be filed until further order of the Court. The Court will file and provide the government with copies of any material as to which Andino has waived the privilege after the Court's *in camera* review.

Counsel for the government shall immediately serve a copy of this order upon Mr. Stachowski by First Class mail and shall docket proof of mailing. Mr. Stachowski's response is due by July 30, 2021.[2]

SO ORDERED.

Dated: June 25, 2021
Buffalo, New York

*/s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

---

[2] Andino also requests an evidentiary hearing and the appointment of counsel. Docket Item 753 at 2. This Court will consider those requests after it reviews Mr. Stachowski's submission.