UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LUIS ANDINO,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

21-CV-192
17-CR-183
DECISION & ORDER

---

On February 1, 2021, the *pro se* petitioner, Luis Andino, filed a motion under 28 U.S.C. § 2255, alleging that his attorney had provided ineffective assistance of counsel by failing to file a notice of appeal. Docket Item 753.[1] Andino also requested the appointment of new counsel to represent him. *Id.* at 2. On March 22, 2021, the government responded. Docket Item 775. On April 15, 2021, Andino filed a "motion for leave to reply," in which he replied to the government's arguments and again requested the appointment of counsel. Docket Item 780. In that "motion," Andino also clarified the relief he was seeking: either to be resentenced "under the 5-year mandatory minimum penalty" applicable to a lower drug quantity than that to which he pleaded guilty "and/or [to be] allow[ed] to appeal, as if [his attorney] was effective." *Id.* at 8.

On June 25, 2021, this Court ordered Andino's attorney, Michael J. Stachowski, Esq., to file an affidavit responding to Andino's allegations. Docket Item 789. Stachowski then filed an affidavit attesting that he had "no independent recollection of

---

[1] All citations are to the criminal docket in case number 17-cr-183.

[Andino's] ever having asked [him] to file a notice of appeal." Docket Item 796 at ¶ 9. In fact, Stachowski said, "[h]ad Mr. Andino asked [him] to file a notice of appeal, even with the waiver, [Stachowski] would have filed it." *Id.* at ¶ 10. Stachowski also provided his records of letters or phone calls from Andino. And Stachowski said that his only record of Andino communicating with Stachowski's office after sentencing was a logbook note about "a call from Luis Andino sometime in 2020 . . . [in] which he asks for a copy of his Sentencing Memorandum to be sent to the Lewisburg Federal Camp." *Id.* at ¶ 14.

On August 31, 2021, the government responded to Stachowski's submission. Docket Item 805. After receiving several extensions of time, *see* Docket Items 808 and 813, Andino filed what he styled as an "amended motion under 28 U.S.C. § 2255," Docket Item 838. In his amended motion, Andino acknowledges that "[t]he original motion was only based on the ground of not appealing the case," but says that "now he realizes that there are at least 6 other grounds to ask for redress." *Id.* at 16. More specifically, Andino now claims that Stachowski was ineffective in the following ways:

> 1. Never presented any different options to petitioner about the procedures in court i.e[.,] going into trial; open and closed plea agreements; different plea agreements that he could have negotiated with prosecutors, but just offered the plea presented by [the] US government [a]s a take it or leave it.
>
> 2. Coerced psychological defendant into signing the plea of 121 months in spite of the little evidence against him presented by prosecutors. Even the plea presents him as a minor participant in the conspiracy giving weight to the . . . supposed addresses he was selling to others. As a ma[tter of] fact this is never a qualification to organizer and leader that made him get 3 enhanced points.
>
> 3. Attorney failed to ask for minimum participation where he could have got 5 years in sentence.

      4.  Attorney failed to present the evidence to defendant to discuss it with him.

      5.  Attorney never discussed with defendant the possibility of an escape valve.

      6.  Never questioned to "relevant conduct" included in the PSR.

      7. Never challenged the enhancement of leader/organizer.

      8. Never appealed the sentence.

*Id.* at 17.

On April 15, 2022, Andino filed "a petition for a Reduction in [his] sentence." Docket Item 847.  On May 2, 2022, the government responded, Docket Item 849, and on June 2, 2022, Andino replied, Docket Item 855.

For the reasons that follow, this Court finds that there are outstanding questions of fact with regard to Andino's ineffective assistance of counsel claim based on his counsel's failure to file an appeal.  As a result, an evidentiary hearing is necessary, and this Court therefore grants Andino's motion for the appointment of counsel and will set an attorney appointment hearing.  This Court construes Andino's "amended motion," Docket Item 838, as a motion to amend and will allow appointed counsel and the government an opportunity to present further arguments on that motion.  Finally, the Court construes Andino's motion for a sentence reduction as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and denies that motion without prejudice.

## BACKGROUND

On September 5, 2019, Andino pleaded guilty to conspiracy to possess with intent to distribute, and to distribute, five kilograms or more of cocaine in violation of 21 U.S.C § 846.  Docket Items 424 and 428.  As part of the plea agreement, Andino acknowledged and agreed that after accounting for his acceptance of responsibility, his Guidelines "sentencing range would be a term of imprisonment of 121 to 151 months, a fine of $35,000 to $10,000,000, and a period of supervised release of 5 years."  Docket Item 424 at ¶ 11.  Andino also acknowledged that a mandatory minimum sentence of 10 years applied to the offense of conviction, and, therefore, the lowest possible sentence the Court could impose was 120 months.  *Id.* at ¶ 1.

Furthermore, Andino agreed to "waive[ ] the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the [agreed-upon Guidelines] sentencing range for imprisonment, . . . fine[,] and supervised release."  *Id.* at ¶ 19.  Andino also indicated that he "underst[ood] that by agreeing not to collaterally attack the sentence, [he was] waiving the right to challenge the sentence in the event that in the future [he] bec[ame] aware of previously unknown facts or a change in the law which [he] believe[d] would justify a decrease in [his] sentence."  *Id.* ¶ 20.

On January 24, 2020, this Court sentenced Andino to a term of 121 months' imprisonment and five years of supervised release.  Docket 556.  The judgment of conviction was signed on February 10, 2020, Docket 568, and Andino did not appeal.  As noted above, on February 1, 2021, Andino timely filed a motion under 28 U.S.C. § 2255.  Docket Item 753.

**DISCUSSION**

Andino seeks relief under 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "The statute further provides that '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.'" *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir.2009) (alteration in original) (quoting 28 U.S.C. § 2255(b)).

**I.    INEFFECTIVE ASSISTANCE REGARDING FAILURE TO FILE A NOTICE OF APPEAL**

"[A]n attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal." *Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012); *see also Campusano v. United States*, 442 F.3d 770, 773-77 (2d Cir. 2006). And that is so even when the defendant—like Andino here— waived his right to appeal his conviction and a sentence within the contemplated sentencing guidelines range. *See Campusano*, 442 F.3d at 775.

Typically, "[w]hen a defendant claims that his attorney failed to file a requested notice of appeal," the district court must conduct "a hearing . . . pursuant to [section]

5

2255 to determine whether the client requested the appeal." *Id.* at 776.  This case is no exception.  On the record before it, this Court cannot reconcile the discrepancy between Andino's contention that he instructed Stachowski to file a notice of appeal, Docket Item 753 at 1, with Stachowski's statement that he has "no independent recollection of [Andino's] ever having asked [him] to file a notice of appeal," Docket Item 796 at ¶ 9, and that "[h]ad Mr. Andino asked [Stachowski] to [do so], even with the waiver, [Stachowski] would have filed it," *id.* at ¶ 10.  *See Hough v. United States*, 177 F. Supp. 3d 782, 789 (W.D.N.Y. 2016) (ordering evidentiary hearing because "[t]he Court cannot, based on the current record before it, assess the credibility of the opposing versions of events").  Thus, this Court finds that an evidentiary hearing is required on this issue.

II.     **MOTION TO APPOINT COUNSEL**

Andino also seeks the appointment of counsel.  *See* Docket Item 753 at 2. Under 28 U.S.C. § 2255 and 18 U.S.C. § 3006(A)(2), "the Court may appoint counsel for a financially eligible [section] 2255 petitioner when 'the interests of justice so require.'"  *Harris v. United States*, No. 6:14-CR-6149 EAW, 2020 WL 4059198, at *2 (W.D.N.Y. July 20, 2020) (quoting 18 U.S.C. § 3006(A)(2)).  Additionally, "Rule 8 of the Rules Governing Section 2255 Cases in the United States District Courts require the appointment of counsel when an evidentiary hearing is warranted."  *Id.*

As explained above, this Court finds that an evidentiary hearing is required in this case, and, as a result, this Court grants Andino's motion to appoint counsel.

III.    **MOTION TO AMEND**

As noted above, Andino filed an "amended motion under 28 U.S.C. § 2255," Docket Item 838, which this Court construes as a motion to amend.  *See Ching v.*

6

*United States,* 298 F.3d 174, 177 (2d Cir. 2002) ("When a [section] 2255 motion is filed before adjudication of an initial [section] 2255 motion is complete, the district court should construe the second [section] 2255 motion as a motion to amend the pending [section] 2255 motion."). Because Andino filed his motion to amend on February 28, 2022—approximately one year beyond the expiration of the one-year statute of limitations for his filing a section 2255 petition—"the Court will only consider [his] motion to amend if it can 'relate back' to his original [section] 2255 petition." *Hough*, 177 F. Supp. 3d at 787; *see also Hasarafally v. United States*, No. 10 CIV. 3457 SAS, 2012 WL 6107685, at *6 (S.D.N.Y. Dec. 10, 2012) (explaining that "an amended habeas petition 'does not relate back (and thereby escape [the Antiterrorism and Effective Death Penalty Act]'s one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth'" (quoting *Mayle v. Felix*, 545 U.S. 644, 649 (2005))). To "relate back," the claims must arise "from the same nucleus of operative facts." *Hough*, 177 F. Supp. 3d at 786; *Gibson v. Artus,* 407 Fed. App'x 517, 519 (2d Cir. 2010) ("In *Mayle v. Felix,* the Supreme Court limited claims in an amended petition to those that arose from the same core facts alleged in the original petition, not those related generally to petitioner's trial, conviction, or sentence.").

    This Court will give appointed counsel and the government an opportunity to address whether the claims in Andino's proposed amended petition relate back to those in his original petition. The Court will schedule a status conference with all parties and will set a schedule for those submissions at that conference.

7

## IV. MOTION FOR COMPASSIONATE RELEASE

As noted above, this Court construes Andino's "petition for a [r]eduction in [his] sentence" as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c)(1)(A) provides that:

> [a sentencing] court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

There is currently no "applicable policy statement[ ]" for motions filed by defendants. *See United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020). As a result, on such a motion, district courts may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release" and determine "whether in isolation or combination" such reasons—along with the section 3553(a) factors—warrant a sentence reduction. *Id.* at 237-38. There is one "exception to the Court's broad discretion," however: "rehabilitation alone may not be considered an extraordinary and compelling reason for a sentence reduction." *United States v. Lopez*, 523 F. Supp. 3d 432, 437 (S.D.N.Y. 2021) (citing *Brooker*, 976 F.3d at 237-38); *see* 28 U.S.C. § 994(t).

As an initial matter, the circumstances upon which Andino relies relate to his rehabilitation, *see* Docket Item 847, which Congress has explicitly stated cannot alone

8

meet the standard of extraordinary and compelling, *see Lopez*, 523 F. Supp. 3d at 437; 28 U.S.C. § 994(t).  Moreover, as the government observes, Andino "fails to address the [18 U.S.C.] § 3553(a) factors to persuade that a reduction in his sentence would be consistent with them."  Docket Item 849 at 6.

Thus, Andino's motion for a sentence reduction is denied without prejudice to his filing another motion if his circumstances change or his appointed counsel believes that there are additional extraordinary and compelling circumstances that warrant his compassionate release and that the section 3553(a) factors weigh in favor of such relief.

## **CONCLUSION**

For all the above reasons, the Court finds that an evidentiary hearing is necessary to resolve Andino's motion under 28 U.S.C. § 2255 and GRANTS his motion to appoint counsel.  The Court will schedule an attorney appointment hearing and status conference to schedule the evidentiary hearing and set a briefing schedule for further submissions.

The Court DENIES without prejudice Andino's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), Docket Item 847.

SO ORDERED.

Dated:   July 27, 2022
            Buffalo, New York

                                                          */s/ Lawrence J. Vilardo*
                                                          LAWRENCE J. VILARDO
                                                          UNITED STATES DISTRICT JUDGE

9