UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LUIS ANDINO,

      Petitioner,

      v.

UNITED STATES OF AMERICA,

      Respondent.

21-CV-192
17-CR-183
DECISION & ORDER

_____

Before the Court is a motion to vacate under 28 U.S.C. § 2255 filed by the petitioner, Luis Andino.  Docket Item 753.[1]   For the reasons that follow, this Court GRANTS Andino's motion and will enter a new judgment that will allow Andino to timely appeal.

## PROCEDURAL BACKGROUND

On February 1, 2021, Andino filed a *pro se* motion under 28 U.S.C. § 2255, alleging that his attorney had provided ineffective assistance of counsel by failing to file a notice of appeal.  Docket Item 753.  Andino also asked for new counsel to represent him.  *Id.* at 2.  On March 22, 2021, the government responded.  Docket Item 775.  On April 15, 2021, Andino filed a "motion for leave to reply," in which he replied to the government's arguments and again asked for new counsel.  Docket Item 780.

---

[1] All citations are to the docket in Andino's criminal case, 17-cr-183.

On June 25, 2021, the Court ordered Andino's attorney, Michael J. Stachowski, Esq., to file an affidavit responding to Andino's allegations, Docket Item 789, and Stachowski did so, Docket Item 796.  On August 31, 2021, the government responded to Stachowski's submission.  Docket Item 805.

After receiving several extensions of time to reply to Stachowski's declaration, *see* Docket Items 808 and 813, Andino filed what he styled as an "amended motion under 28 U.S.C. § 2255," Docket Item 838.  In his amended motion, Andino acknowledged that "[t]he original motion was only based on the ground of not appealing the case" but stated that he had subsequently realized "that there are at least 6 other grounds to ask for redress."  *Id.* at 16.

On July 27, 2022, this Court issued a Decision and Order finding that an evidentiary hearing was necessary because Andino's claim—that his counsel was ineffective by failing to appeal—raised questions of fact.  Docket Item 856.  In addition, this Court construed Andino's "amended motion," Docket Item 838, as a motion to amend his petition; advised the parties that it would appoint counsel for Andino; and gave appointed counsel and the government an opportunity to present further arguments on that motion.  Docket Item 856.

On August 11, 2022, this Court assigned attorney James Q. Auricchio, Esq., to represent Andino.  Docket Item 857.  At a status conference on September 8, 2022, the Court scheduled an evidentiary hearing for December 1, 2022, and directed Auricchio to file a submission addressing whether the issues raised in Andino's "amended motion" related back to his original 2255 petition.  Docket Item 859.  At defense counsel's request, the Court twice extended the time to file that submission.  Docket Items 864

and 870.  On December 1, 2022, the Court adjourned the evidentiary hearing to January 27, 2023, and again extended the briefing schedule. Docket Item 870.  The government filed its submission on January 19, 2023, Docket Item 881, but the Court never received a submission on Andino's behalf.

On January 25, 2023, the Court issued a Decision and Order denying the motion to amend because Andino's new claims did not relate back to his original petition. Docket Item 882.  The Court then held an evidentiary hearing on January 27, 2023. *See* Docket Item 883.  On March 2, 2023, after Andino's attorney-client relationship with Aurrichio broke down, the Court appointed attorney Donald M. Thompson, Esq., to represent Andino.  *See* Docket Item 893.

The evidentiary hearing continued on April 28, 2023.  *See* Docket Item 903.  On August 16, 2023, Andino filed a post-hearing brief, Docket Item 915, and on September 27, 2023, the government responded, Docket Item 922.

## EVIDENTIARY HEARING

### I.   ANDINO'S TESTIMONY

Andino testified that he told Stachowski several times that he wanted to appeal. Andino said that he first told Stachowski that he wished to appeal prior to his guilty plea when they were discussing the plea agreement.  Docket Item 886 at 10.  According to Andino, Stachowski responded that Andino "had to sign the plea first."  *Id.*  Then, after Andino pleaded guilty, he again told Stachowski that he wanted to appeal.  *Id.* at 12. More specifically, when Andino met with Stachowski at the courthouse on the day of his sentencing, Andino told Stachowski that he wanted to file an appeal.  *Id.* at 14. Stachowski told Andino that he "had to wait until after the sentencing."  Docket Item 914

at 32.  Andino also noted that "[t]he times that [he] told [Stachowski], which were more than twice, [Stachowski] never wrote down anything, never sent me anything, and he never demonstrated any interest in doing the appeal."  Docket Item 886 at 13.

Andino testified that following his sentencing, he "tried calling [Stachowski] and calling him from prison," but Stachowski "never answered the phone."  *Id.* at 17.  According to Andino, his sister also tried to contact Stachowski on his behalf, but to no avail.  *Id.* at 18.

## II.   STACHOWSKI'S TESTIMONY

Stachowski testified that Andino never said he wanted to appeal, Docket Item 914 at 54, and that if Andino had asked him to file a notice of appeal, he would have done so*, id.* at 69.  But Stachowski did not have any contemporaneous documentation of his conversations with Andino, did not take any notes during their meetings, and did not provide Andino anything in writing regarding his appellate rights.  *Id.* at 82-83.  Nor did Stachowski have Andino sign anything aside from the plea agreement indicating that he did not wish to appeal.  *Id.* at 83.

## DISCUSSION

Andino seeks relief under 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court

which imposed the sentence to vacate, set aside or correct
the sentence.

28 U.S.C. § 2255(a).

"[A]n attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal." *Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012); *see also Campusano v. United States*, 442 F.3d 770, 773-77 (2d Cir. 2006). And that is so even when the defendant—like Andino here—waived his right to appeal his conviction and a sentence within the contemplated sentencing guidelines range. *See Campusano*, 442 F.3d at 775.

Based on the evidence introduced at the evidentiary hearing, this Court finds that Andino instructed Stachowski to file a notice of appeal before his guilty plea and before his sentencing. Understandably, Stachowski did not file an appeal at that time because it would have been premature. The Court further finds that Stachowski then relied on Andino's appellate waiver not to appeal but that Andino still wanted to appeal—a miscommunication that was not corrected because Andino's attempts to contact Stachowski after sentencing were unsuccessful. As a result, the Court finds that Andino asked Stachowski to appeal and that Stachowski failed to do so.

The Court reaches this conclusion for several reasons. First, despite this Court's extensive colloquy with Andino during his change-of-plea hearing, *see* Docket Item 803, it appears that Andino remained confused about his responsibility for relevant conduct. On September 10, 2019—five days after he pleaded guilty—Andino mailed Stachowski a letter stating, among other things, that Andino "would like further information on A. What is my relevant conduct and B. How much drugs am I responsible for out of the 5

kilos?"  Docket Item 796 at 24.  Stachowski had no recollection of whether he answered those questions.  Docket Item 914 at 99.

As defense counsel observes, Andino's confusion regarding his relevant conduct and the amount of drugs for which he was responsible "provides a logical and reasonable explanation for why . . . Andino would be so adamant about appealing his conviction and sentence."  Docket Item 915 at 13.  Indeed, when the Court asked Andino at the evidentiary hearing why he wanted Stachowski to appeal, Andino responded: "The reason I wanted to appeal was the amount.  The amount that they said was not the amount they caught me with."  Docket Item 914 at 39-40*; see also id.* at 42 ("Q. Was it your understanding that you could still file a notice of appeal relating to other components of your conviction -- A. Yes. Q. -- such as whether the drug amount was properly calculated? A. Yes.").

Although Stachowski testified that Andino never asked him to appeal, Stachowski did not have any contemporaneous notes of his meetings with Andino, nor did he have any notes to the file regarding his discussions with Andino.  *See id.* at 69, 82-83.  He did not provide Andino with anything in writing regarding his appellate rights, nor did he have Andino sign anything aside from the plea agreement indicating that he did not wish to appeal.  *Id.* at 82-83.  What is more, Stachowski did not have any specific recollection of his discussions with Andino.  *See id.* at 78-79 (Q. . . . Okay. Did you discuss with him the waiver of appeal in the plea agreement as being limited to the sentence?  A. I don't recollect exactly. I -- I -- what I do is I go over a waiver of appeal. Q. Okay.  I'm not asking what you do in the normal case, I'm asking about your recollection in this case, okay?  A. I don't have a specific recollection . . . as I sit here.").

So Stachowski made assumptions about his conversations with Andino based on his general practice, and Stachowski's testimony was grounded in those assumptions. Because Andino asked Stachowski to appeal before he could appeal, Stachowski likely discarded those requests from his memory as soon as they were made. And because Andino was unsuccessful in contacting Stachowski after sentencing, Andino's desire—and instructions—to appeal fell between the cracks.[2]

Andino's clear and consistent testimony that he told Stachowski several times that he wanted to appeal underscores that conclusion. The Court found that testimony credible and supported by Andino's letter to Stachowski evidencing confusion about relevant conduct and drug amounts.

That is not to say that Andino's plea was not knowing and voluntary or that his appeal will have any merit. During the plea colloquy, this Court ensured that Andino understood what he was pleading to, the possible consequences, and the Sentencing Guideline recommendations; the Court likewise ensured that pleading guilty was what Andino wanted to do. *See* Docket Item 803. So it may be that the practical outcome of this decision is of no moment.

As defense counsel notes, however, whether Andino's desired appeal "could succeed or would be the wisest course has no bearing on trial counsel's obligation to

---

[2] Stachowski's testimony that he files appeals for clients even when they have waived their right to appeal—and his reference to two cases in which he had done just that and challenged the appellate waiver, Docket Item 914 at 63-69—does not suggest otherwise. Because those appeals challenged the appellate waiver in the plea agreement, the instruction to appeal in those cases undoubtedly came after sentencing. Here, Andino was unsuccessful when he tried to contact Stachowski after sentencing, so he never communicated his request at a time when Stachowski could have acted on it, and his earlier requests fell between the cracks.

protect Mr. Andino's right to that appeal." Docket Item 915 at 16. "A defendant who executes a waiver may sign away the right to appeal, but he or she does not sign away the right to the effective assistance of counsel." *United States v. Brown*, No. 6:13-CR-06006 EAW, 2023 WL 7528491, at *7 (W.D.N.Y. Nov. 14, 2023). And because Stachowski failed to follow Andino's instructions to file a notice of appeal, he provided ineffective assistance of counsel. *See Campusano*, 442 F.3d at 775.

Under *United States v. Fuller*, the remedy for an ineffective assistance claim based on the failure to file a notice of appeal is "to enter a new judgment, from which a timely appeal may be taken." 332 F.3d 60, 68 (2d Cir. 2003).[3] Accordingly, the Court will enter a new judgment against Andino so that he may pursue a timely appeal.

## CONCLUSION

For all the above reasons, the Court GRANTS Andino's motion under 28 U.S.C. § 2255. Docket Item 753. The Court will schedule an appearance for the parties during which it will enter a new judgment.

SO ORDERED.

Dated:  January 12, 2024
        Buffalo, New York

*/s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

---

[3] In Andino's post-hearing brief, defense counsel confirmed this was the relief Andino sought. Docket Item 915 at 16.